## LOUIS TREMBLAY vs. GEORGE W. HARNDEN.

Essex.    November 8, 1894. — November 27, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Defective Machine — Evidence — Argument to Jury.*

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged defective condition of a machine upon which he was working, if the defect testified to by the plaintiff's witnesses is the state of the pulleys which were used in running the machine, and there is evidence that the pulleys were in the same condition at the time of the trial, that the working condition of the machine was the same, and that the speed of the engine and machinery was the same at the time when the speed was taken as at the time of the accident, evidence of what that speed was, that the machine and pulleys were in good condition at the time of the trial and at other times shortly before and after the accident, and that the machine worked perfectly before and ever since the accident, is competent; the admission of such evidence being limited to the purpose of showing what the condition of the machine was, and how it operated at the time of the accident.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged defective condition of a machine upon which he was working, the fact, as appears from the defendant's testimony, that he was insured against accidents, is not a subject for a legitimate argument by the plaintiff to the jury.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Richardson,* J., it appeared that the plaintiff, when injured, was working upon a machine called a heel-presser, which was operated by pulleys regulated by a break, and to which power was communicated by applying the foot to a treadle. It consisted also of a fixed headpiece and a movable plate on which heels were placed, and by coming in contact with the headpiece the necessary pressure on the heels was obtained.

It further appeared that the injuries were caused by the plaintiff having his hands caught between the headpiece and the plate, while removing some heels which stuck to the plate.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*H. F. Hurlburt & J. F. Quinn,* for the plaintiff.

*W. H. Niles & G. J. Carr,* for the defendant.

KNOWLTON, J.   The plaintiff's principal exception is to the admission of certain testimony to show that the machine on which he was working was not defective at the time of the accident, as he contended that it was.   The defect testified to by the plaintiff's witnesses was an accumulation of oil and dust on the leather surface of one or both of the pulleys which were used in running the machine, forming a sticky substance which made the pulleys adhere when they should separate, and caused the machine to " repeat," or produce an unexpected movement of the plate upwards, caused by a continued revolution of the pulley after the foot was removed from the treadle.   The pulleys were produced in court, and one of the plaintiff's witnesses testified that the leather on one of them was " not in proper condition to use," and that there was a " gum on it that would cause the pulleys to adhere."   There was evidence from the defendant's witnesses that the pulleys were in the same condition as at the time of the accident, that the working condition of the machine was the same, that the oil or sticky substance would not cause the machine to repeat, and that if any sticky substance caused it to repeat it would continue to repeat.   There was also evidence that the speed of the engine and the machinery was the same at the time when the speed was taken by Knox and others as at the time of the accident.   The plaintiff excepted to the admission of evidence from divers witnesses of what this speed was, that the machine and pulleys were in good condition at the time of the trial and at other times shortly before and after the accident, and that the machine worked perfectly before the accident and had worked perfectly ever since.   The jury were instructed that the evidence was admitted only for the purpose of showing what the condition of the machine was and how it operated at the time of the accident, and that they should consider the testimony only so far as it might have a tendency to show these facts.

We are of opinion that the evidence was clearly competent. By other testimony it was closely connected with the question in issue, and it had a direct bearing upon it.   It did not introduce such remote or collateral issues as to tend to confuse the jury or interfere with the orderly course of the trial.   *Bemis* v. *Temple, ante,* 342.   *Shea* v. *Glendale Elastic Fabrics Co., post,* 463.

The defendant had testified that he was insured against accidents, and the only other exception is to the refusal of the judge to permit the plaintiff to argue to the jury that the defendant would be likely to be less careful in looking after his machinery than if he had not been insured. We are of opinion that the judge was right in this refusal. It does not appear that the defendant relied upon his insurance in any way as a defence to this suit, and very likely the fact of insurance was brought out in cross-examination. It was not a subject for legitimate argument to the jury.        *Exceptions overruled.*