[No. 4549.]

COE ET AL. v. VAN WHY.

1. Negligence—Expert Testimony.

In an action for damages alleged to have been caused by defendants' negligence, if the circumstances out of which the negligence arises have been, or can be, established by proof, the ultimate fact of negligence is to be deduced by the jury, and is not to be shown by the opinion of witnesses.

2. Same.

In an action for damage for the death of a workman in a mine, who was killed while being hoisted up the shaft of the mine, through the alleged negligence of defendants in using hoisting machinery which was unsuitable and out of repair, where the machinery was simple in its construction and operation, and all the facts relating thereto, as well as its condition of repair, could be easily explained to and understood by the jury, it was error to admit in evidence the opinion of expert witnesses as to whether or not such machinery was reasonably safe and suitable for the purpose for which it was used.

3. Same—Conflicting Evidence.

In an action for damage alleged to have been caused by defendants' negligent use of machinery out of repair, where the evidence as to the state of repair of the machinery was conflicting, it was error to permit expert witnesses to give their opinions as to whether or not the machinery was reasonably safe in answer to questions which allowed the witnesses to assume that the machinery was not in good repair.

4. Practice—Argument of Counsel.

In an action against the owners of a mine for damages for the death of a workman in the mine, it was error for plaintiff's counsel, without any evidence on which to base his statement, to comment in his argument to the jury upon a custom of employers and mining companies to protect themselves against liability on account of injuries to their employees by taking out insurance in insurance companies against such liability. And the error was not cured by an instruction by the court to the jury that the remarks must not be considered by them for any purpose.

*Appeal from the District Court of Teller County:
Hon. Louis W. Cunningham, Judge.*

Messrs. Wolcott, Vaile & Waterman and Mr.
Wm. W. Field, for appellants.

Messrs. Temple & Crump and Mr. Chas. J. Perkins, for appellee.

Mr. Justice Campbell delivered the opinion of
the court.

Action for damages for injuries to plaintiff's
husband through defendants' negligence, which
resulted in his death. From a judgment in plaintiff's
favor defendants appeal. Among the assignments
of error argued are that the evidence is insufficient
to establish the negligence charged against defendants; that expert evidence was improperly received;
and that plaintiff's counsel, in addressing the jury,
abused the privilege of advocacy. The conclusion
reached makes it unnecessary to notice other assignments.

1. Several closely contested questions of fact
were submitted to the jury for its finding, and it is
a fairly debatable question upon which side the preponderance of evidence lies. But we shall not reverse
the judgment upon the ground that the verdict is
not sustained by the evidence, and our only object
in referring to this assignment is that it is pertinent
in considering the other two.

2. The defendants were the owners of, and
engaged in developing, a mine in the Cripple Creek
mining district through a shaft which was over 100
feet deep when the injury was inflicted. The miners
and material used by them were let down into the
mine, and workmen and ores raised therefrom, in a
bucket, which passed up and down the shaft. It was
raised and lowered by steam hoisting machinery.

While plaintiff's husband, a workman in the mine, was being raised in this bucket, the engineer in charge lost control of it, and the bucket fell to the bottom of the shaft and the miner was killed.

Defendants are said to be negligent in using hoisting machinery and appliances in connection therewith which were unsuitable in construction, and out of repair. Witnesses for plaintiff, after testifying to the nature and character of the hoisting plant and describing other hoisting machinery in common use in that district, and specifying minutely the difference between the two kinds, and explaining fully the construction and state of repair of this one, were asked by plaintiff's counsel if, in their opinion, it was reasonably safe and suitable for the purpose for which it was used, and they answered that it was unsafe and unfit. Defendants say that this ruling of the court was prejudicial in that it invades the province of the jury.

The principle upon which expert, or opinion, evidence is allowed is well known, but the difficulty arises in applying it to the facts of a given case. No general rule applicable to all cases can be enunciated, but each one must be determined largely upon its own peculiar facts. It does not appear that this hoisting plant was a complicated piece of machinery, but, as we read the record, it was exceedingly simple in construction and operation, and all the facts relating thereto, as well as its condition of repair, could be fully explained to the jury. It is not altogether clear just what particular acts of negligence plaintiff charged, but the chief reliance seems to be that the machinery was not properly supplied with a band brake, and that the key which secured the drum appliance to the shaft was out of repair. Just how this brake operated, and the use and character of the key, and its condition as to repair, were fully

explained to the jury by the witnesses. There was no necessity for them to give to the jury their opinion as to the safety of the hoist, for the jury were as capable of determining that fact from the evidence in the case as were the witnesses themselves.

*Sappenfield v. Main St. R. R. Co.*, 91 Cal. 48, in some of its features is much like the case at bar, and it was there held that when the question to be determined is the result of common experience, or is to be inferred from particular facts which are fully before the jury, the inference from those facts is to be drawn by the jury, and not by the witnesses.—*Shafter v. Evans*, 53 Cal. 32; *Newmark v. Ins. Co.*, 77 Am. Dec. 608.

The general rule is that if the circumstances out of which the negligence arises have been, or can be, established by proof, the ultimate fact of negligence is to be deduced by the jury, and is not to be shown by the opinion of witnesses.

Plaintiff relies upon *McGonigle v. Kane*, 20 Colo. 292. In that case it was held competent to permit an expert witness to give his opinion in regard to the safety of an elevator with reference to its being a safe or unsafe appliance for the purpose for which it was used. Probably it carries the rule concerning opinion evidence as far as any other found in our reports, but a careful examination of its facts will show that, because of certain alterations, it was difficult, if not impossible, for witnesses to bring before the minds of the jury the facts concerning the construction, and condition, of the contrivance, from which they could draw an inference as to its safety. Whether or not it was in a safe condition, at the time and in the circumstances, was a fact not within the knowledge of a man of ordinary experience, but could only be determined, at least better be decided, so the court declared, by a machinist who possessed

a peculiar skill and knowledge with reference to a contrivance of that character. Here, as has been said, the hoisting plant consisted of simple, not complex, machinery, and its construction and condition were such that all the facts pertaining to it could be fully brought before the minds of the jury, and, with these facts before them, the jury, being men of ordinary intelligence and experience, would know whether it was safe, or unsafe, in the particular use made of it.

The case at bar, in principle, is more nearly analogous to that of *Smuggler U. M. Co. v. Broderick*, 25 Colo. 16. The negligence there complained of was a failure of defendant properly to construct and carry up a stope in a mine. The witness, after having explained to the jury the way in which this particular stope was constructed, testified to the proper way in which it should have been done, and then followed this by testifying that the stope in question was not a safe place to work in. We held that this was prejudicial error. So, here, the witnesses having testified to the condition of this hoisting plant, and to the fact that other hoisting plants in the same camp were supplied with band brakes, and the witnesses having also testified to the way in which the band brakes work and what their office is, and having fully described the appliance used in connection with defendants' plant for controlling the same, the jury was just as competent as the witnesses to say whether, under the facts, defendants' hoisting plant was reasonably safe. Expert evidence should not be allowed except in cases where there is clearly a necessity for it. And there was no showing that the hoist, either in construction, as to its state of repair or safety, or use made of it, was not clearly within the comprehension of an average jury.

In this case there is a further ground for hold-

ing the opinion evidence bad. There was a conflict in the evidence as to the state of repair of the machinery, and this was one particular in which defendants were said to be negligent. The questions put allowed the witnesses to assume that it was not in good repair, when that was a question solely for the jury.—*Lang v. Terry,* 163 Mass. 138.

3. In his opening argument, after the evidence was in and the instructions given, one of plaintiff's counsel made the following statement to the jury: "It is a matter of common knowledge that employers and mining companies in this district protect themselves against liability on account of accidents by taking out insurance in insurance companies against such liability." There was not a word of evidence in the record of any such custom. Its admission would constitute error. When counsel for defendants objected to this statement, plaintiff's attorney who made it, further remarked: "Add to that that I prefaced that statement with the further statement that what I was about to comment upon was not in this case, and I simply commented upon it as a matter of common knowledge and observation in this community." The court then instructed the jury that these remarks must not be considered by them for any purpose, but that the liability, if any, of defendants, depends, not upon any custom or habit of mining companies, but upon the facts proven in this case, and upon nothing else.

It is admitted that there was no evidence in the case upon which to base the statement. That it was improper is conceded by counsel who made it, but it is said that no prejudice resulted to defendants because the court immediately cautioned the jury to disregard it. We are unable to agree with this specious kind of argument. In *Tanner v. Harper,* 32 Colo. 156, a personal injury case in which one

of the learned counsel for plaintiff here was an attorney, plaintiff's counsel, in his opening statement, said that an insurance company was the real party defendant in interest, and, upon their *voir dire,* over the objection of defendants, he was permitted to ask each juror whether he was acquainted with the insurance company in question or had been in its employ. It was argued there that plaintiff was entitled to know if any of the panel of jurors was interested in the insurance company so as to exclude them from the jury that was to try the case. Such excuse cannot be given here, and we did not hold it valid there; but as there were no close questions of fact in the Tanner case for the determination of the jury, it affirmatively appeared that the defendants were not prejudiced by the alleged errors. But here, as we have seen, the jury had been selected when the comment was made. There were several closely contested questions of fact, and there had been one mistrial, and it may be that the jurors were largely influenced in returning the verdict against defendants because this improper statement of counsel convinced them that some insurance corporation, and not the defendants, would respond for any damages that might be awarded. We are satisfied that the unfavorable impression on the minds of the jury was not removed by the direction of the court to disregard the statement. Counsel knew when he made it that it was improper and reprehensible, and it is fair to presume that he would not have done so, had he not supposed that some advantage to his client would thereby be gained. In such cases counsel who thus seeks to obtain that result takes upon himself the risk of losing what he hopes to secure. The following, among other cases, are authority for the reversal of the judgment for such conduct of counsel.—*Tremblay v. Harnden,* 162 Mass. 383; *Grant v. Varney,* 21 Colo.

329; *Tucker v. Henniker,* 41 N. H. 317; *Cosselmon v. Dunfee,* 172 N. Y. 507; *Manigold v. Black River T. Co.,* 80 N. Y. Supp. 861; *Eckart & Swan M. Co. v. Schaeffer,* 111 Ills. App. 500; *Herrin v. Daly,* 80 Miss. 340; *Sawyer v. Arnold Shoe Co.,* 90 Me. 369.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

*Reversed.*