**LEONARD et al. v. STEPP.**

No. 25805. Jan. 14, 1936.

Hudson & Hudson, for plaintiffs in error.

Morris & Wilhite, for defendant in error.

GIBSON, J. Minnie Stepp, plaintiff below, sued to recover damages for personal injuries sustained by her in an automobile accident caused by the collision of an automobile, in which she was riding, with a truck driven by an employee of the defendant, the Big Four Line, a partnership composed of H. M. Leonard and Earl Leonard. The jury awarded a verdict to the plaintiff in the sum of $2,000. From the judgment rendered thereon the defendants appealed. The parties will be referred to as they appeared in the court below.

At one time the Commercial Standard Insurance Company of Dallas, Tex., was a party defendant in the cause, it being alleged in the second amended petition, upon which the cause was tried, that the said insurance company had executed a liability insurance bond for the Big Four Line, a common carrier, which was on file with the Corporation Commission. The trial court, however, previous to trial, sustained the demurrer of the insurance company to this petition, and the plaintiff did not appeal therefrom. The cause proceeded against the Big Four Line alone.

In the opening statement to the jury, counsel for plaintiff, over objection of the defendants, read to the jury certain paragraphs of the second amended petition that alleged the duty of the defendants to carry liability insurance, and that defendants had procured and filed a liability insurance bond with the Corporation Commission executed by the Commercial Standard Insurance Company. The objections of the defendants were overruled and their motion for a mistrial denied. Plaintiff's counsel also told the jury, over the objection of the defendants, that:

"Now, in addition to what is stated in the petition in this case, I desire to state, as suggested by counsel that heretofore a demurrer has been filed in this case and this court has held that no suit would lie against the insurance company until it is determined whether the Leonard Brothers, defendants, were liable, and they are not any longer parties to this action."

The defendants thereupon moved for a mistrial, which was denied by the court. In their closing argument, counsel for plaintiff referred to the duty of the defendants to take out liability insurance as follows:

"It was the duty of the defendants under the law, for the protection of the public, to take out liability insurance, to protect themselves and the public, and if they failed to do so, it is their own fault and the loss should fall upon them."

The court sustained the objections of the defendants to this argument, and the defendants again moved for a mistrial, which was denied.

The defendants contend that the reference to liability insurance, made by counsel for plaintiff in the opening statement and closing argument, was prejudicial, and that the trial court erred in overruling the motions for mistrial.

An examination of the record discloses that the paragraphs of the second amended petition read to the jury by plaintiff's counsel threw no light upon any phase of the controversy between the plaintiff and the defendant partnership, and that proof of the facts therein contained would not tend to support any issue in the case. The trial court had sustained the demurrer of the insurance company to plaintiff's petition and the insurance company was not a party to the action at the time of the trial. Plaintiff suggests that the trial court erred in sustaining the demurrer of the insurance company to the second amended petition, but this question cannot be determined here. The insurance company was not on trial and the allegations of the objectionable paragraphs of the petition were not material or essential to the establishing of a cause of action against the defendant partnership. The sustaining of a demurrer to any portion of a pleading removes from further consideration in the case all of the portion of the pleading to which the demurrer was directed, and no evidence may be introduced in support of that part of the pleading to which a demurrer has been sustained. 49 C. J. 452.

The statements of counsel, as herein related, are wholly irrelevant, and being irrelevant, must be considered with reference to their prejudicial effect in the light of the

general rule that any unwarranted · reference to defendants' liability insurance. by plaintiff's counsel is improper and is prejudicial to the rights of the defendants. Bass, Maxwell & Co. v. Independent Gin Co., 140 Okla. 80, 282 P. 635; Wagnon v. Brown, 169 Okla. 292, 36 P. (2d) 723; Brotherhood of Railroad Trainmen v. Brown, 170 Okla. 67, 38 P. (2d) 529.

The evidence as to negligence was in sharp conflict. The statements complained of were prejudicial in nature and we are unable to say with any degree of certainty that the jury was not influenced thereby in rendering their verdict. Failure of the trial court, under the circumstances here presented, to declare a mistrial upon timely motion constituted reversible error.

The judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.