**OKLAHOMA TRANSPORTATION COMPA-
NY, an Oklahoma Corporation,
Plaintiff in Error,**

**v.**

**Hazel M. CLAIBORN, Defendant in Error.**

**No. 41345.**

Supreme Court of Oklahoma.

March 21, 1967.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for plaintiff in error.

Windham & Hamilton, Poteau, for defendant in error.

IRWIN, Vice Chief Justice.

Defendant in error, herein referred to as plaintiff, commenced proceedings against Oklahoma Transportation Company, referred to as defendant, to recover damages for personal injuries sustained by her while a passenger on a bus operated by defendant.

The jury returned a verdict for plaintiff and judgment was rendered thereon. Defendant appeals from the order overruling its motion for a new trial.

### PROPOSITION I

Defendant contends the trial court erred in submitting the cause to the jury because plaintiff failed to prove negligence on its part by a fair preponderance of the evidence. The force and effect of this contention is that the trial court erred in overruling its demurrers to the evidence and motions for a directed verdict which were lodged at the close of plaintiff's evidence and after all the evidence had been submitted.

Defendant is a common carrier of passengers for hire and plaintiff was a paying passenger on defendant's bus. While plaintiff was returning from the rest room on the bus she fell and sustained personal injuries. Plaintiff was 72 years old and on direct examination testified that, "When I left the rest room to come back to my seat I was holding on to the seats with both hands and just all of a sudden without any warning the bus swerved and threw me into the aisle. The bus driver set on the brakes and swerved the bus and threw me into the aisle." On cross examination of plaintiff, defendant adduced evidence that plaintiff had previously stated and had signed a

statement to the effect that the bus driver was not at fault. To refute such testimony, plaintiff testified she did not remember making such statement and if she did, she did not understand what she was doing.

Defendant defended the action on the grounds that an unavoidable accident occurred and there was no negligence whatsoever on its part. Its evidence was to the effect that the bus was following a pick-up truck at approximately a 100 feet distance, and was travelling about 40 miles per hour; that the highway was an old concrete road; and that a car came out from the side road and across the highway over the center line in front of the pick-up and that the brakes on the pick-up were applied and the brakes on the bus were applied to avoid hitting the pick-up. The bus driver testified that the bus did not swerve and the bus did not stop but that his speed was reduced to approximately 20 miles per hour.

In Elk City v. Rice, Okl., 286 P.2d 275, we held that in passing upon alleged error in overruling defendant's demurrer to plaintiff's evidence and request for directed verdict, the evidence will be construed in the light most favorable to plaintiff and where there is any evidence or reasonable inferences from the circumstances reasonably tending to establish a cause of action or to sustain a jury's verdict and a judgment based thereon, such judgment will be sustained unless shown to be contrary to law.

Title 13 O.S.1961, § 32, provides that a carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill. In Oklahoma Railway Co. v. Clapp, Okl., 258 P.2d 638, a bus was being operated by and under the control of the driver, as in the case at bar, and in that case we said that when it is shown that a bus is swerved and slowed, or stopped, with such suddenness and violence as to be beyond the reasonable anticipation of a passenger, and to be the cause of injury to the passenger, a

prima facie case of negligence of the carrier is presented.

In Thompson v. Smith, Okl., 420 P. 2d 526, we said that the determination of the credibility of witnesses and the effect and weight to be given to conflicting or inconsistent testimony are matters peculiarly within the province of the trier of fact.

Applying the above rules of law to the case at bar we can only conclude and hold that the trial court properly overruled defendant's demurrer to the evidence and motion for a directed verdict and properly submitted the cause to the jury.

### PROPOSITION II

Defendant contends the trial court erred in failing to sustain its motion for a mistrial after plaintiff had injected insurance into the trial, thereby advising the jury that defendant was protected by insurance which prejudiced its rights to a fair and impartial trial.

The basis for this argument stems from the testimony of the plaintiff, in response to a question on direct examination by her counsel, injecting into the case in the presence of the jury a reference to insurance. The plaintiff testified that she remembered being helped off the defendant's bus in Wichita Falls, Texas. Counsel inquired concerning the identity of those who helped her and she identified the persons as the bus driver and another man unknown to her. Counsel then inquired concerning the purpose of plaintiff's being helped off the bus and she responded, "They said they wanted me to meet an insurance adjuster." Defendant promptly moved for a mistrial.

There is a considerable portion of the record devoted to the insistence by counsel for the defendant that a mistrial be declared. On the motion for a new trial evidence was adduced in an effort to show that the plaintiff made an additional reference to insurance which was allegedly heard by the jury, during a conference of counsel with the court at the bench immediately following the motion of defendant for mistrial.

The trial court struck from the record the reference to insurance and advised the jury to disregard it in consideration of the case. Defendant concedes in its brief that counsel for plaintiff never acted in bad faith or deliberately injected insurance into the case during the course of the trial but contends that the general rule with reference to injecting insurance into the trial of a case constitutes grounds for a mistrial is applicable.

Defendant cites Redman v. McDaniel, Okl., 333 P.2d 500, as being controlling. In that case we said that "Since * * * knowledge of insurance coverage will cause a jury to render a larger verdict, and in some cases render a verdict in favor of the plaintiff when otherwise they would not, it becomes the duty of this court to compensate for the harm done by appropriate action. In some cases this may be done by directing a remittitur. In other cases it may be necessary to grant a new trial." In Million v. Rahhal, Okl., 417 P.2d 298, we said that suggestions that one of the parties is protected by liability insurance, whether accomplished inadvertently or intentionally, is improper and prejudicial.

Under Title 47 O.S.1961, §§ 161 to 169, defendant's insurance carrier could have been joined as a party defendant. See Casualty Reciprocal Exchange v. Waggoner Drilling Co., Okl., 340 P.2d 490. The force and effect of defendant's argument and the cases cited to support such argument makes no distinction between a reference to insurance in cases where an insurance carrier could be joined as a party defendant but not joined and in cases where an insurance carrier could not be joined as a party defendant.

In Leonard v. Stepp, 175 Okl. 487, 53 P.2d 1110, plaintiff sued a common carrier for damages and joined as a party defendant its insurance carrier. The trial court, previous to trial, sustained the demurrer of the insurance company and plaintiff did not appeal therefrom and the cause proceeded against the common carrier. Judgment was in favor of plaintiff and on appeal it was argued that reference to defendant's liability insurance was prejudicial. In sustaining defendant's argument and reversing the judgment we said that the statements of counsel relating to insurance were wholly irrelevant, and being irrelevant, must be considered with reference to their prejudicial effect in the light of the general rule that any unwarranted reference to defendant's liability insurance by plaintiff's counsel is improper and is prejudicial to the rights of the defendants.

Leonard v. Stepp, supra, is not controlling in the instant action for the reason that an analysis of that case discloses that the same was considered and determined on the basis that the insurance company was not a proper party defendant and could not be joined as a party defendant. In that case, no appeal was lodged challenging the correctness of the trial court's order sustaining the demurrer of the insurance company and we said we could not consider the correctness of said order on appeal. In other words, by determining that the demurrer of the insurance company should be sustained, the trial court, in effect, determined that the insurance company could not be joined as a party defendant. Since the trial court sustained the demurrer of the insurance company and no appeal was lodged challenging the correctness thereof, insofar as that case was concerned, the order became final. Therefore, in considering that case on appeal, the same was considered and determined on the basis that the insurance company was not a proper party defendant, although we did not make such determination for the reason such question was not properly before this Court on appeal.

Defendant was engaged in a public business of transporting passengers for hire, or more accurately designated as a business affected with a public interest and regulated by express statutory enactments. Under Title 47 O.S.1961, § 166, it would have been unlawful for defendant to furnish its services within the State without having obtained from the Corporation Commission a certificate declaring that public convenience and necessity required such operation.

Under § 169, supra, the certificate of convenience and necessity, or permit, could not have been issued to defendant until there was on file with the Corporation Commission a liability insurance policy or bond covering public liability and property damage. The Legislature, by authorizing the joinder as party defendants a motor carrier and its insurance carrier, in effect determined that when the liability insurance policy or bond is filed and the certificate of convenience or necessity is issued, no prejudice results from such joinder. Stated in another way, the Legislature by authorizing the joinder of the insurance carrier, has in effect determined that knowledge of insurance liability is not prejudicial to the right of the motor carrier or to its insurance carrier.

██ Had defendant's insurance carrier been joined as a party defendant, which it could have been, the jury would have knowledge that insurance was involved. Therefore we are of the opinion that if defendant's insurance carrier had been joined as a party defendant in the instant action, the reference to the insurance would not have been prejudicial to the rights of the defendant. Our determination that the same would not have been prejudicial in the present case if defendant's insurance carrier had been joined as a party defendant does not necessarily mean that such joinder removes all objections and impediments against the injection of insurance in such cases during all phases of the proceedings. Whether the injection of insurance under such circumstances would be prejudicial would be dependent upon the facts and circumstances in each particular case. See 4 A.L.R.2d 786.

Since the Legislature has in effect determined that joinder of an insurance carrier as a party defendant, which imputes knowledge that a motor carrier has liability insurance, is not prejudicial to the rights of the motor carrier and the insurance carrier when they are both joined as party defendants, we can see no reason why the mere knowledge that a motor carrier does have liability insurance in an action brought only against the motor carrier, in and of itself, constitutes reversible error. In our opinion there is a distinction between a reference to insurance in cases where an insurance carrier could by statute be joined as a party defendant and not joined as a party defendant and cases where an insurance carrier could not be joined as party defendant.

██ We can only conclude that if an insurance carrier is not joined as a party defendant, although such joinder is authorized and would be proper, it is error to make reference to insurance but such reference is harmless unless the defendant's rights are prejudiced thereby. The fundamental and controlling question in such cases is whether the reference to insurance has prevented defendant from having a fair trial of the issues. See Batts v. Carter, Okl., 312 P.2d 472.

██ There is competent evidence supporting the finding of the jury and the trial court's judgment that defendant's negligence was the proximate cause of plaintiff's injuries and the amount of damages awarded, and in our opinion the reference to insurance in the instant action did not prevent defendant from having a fair trial of the issues.

We adhere to the rules heretofore set forth in our former opinions with reference to the injection of insurance in cases where the insurance carrier could not be joined as a party defendant and this opinion should not be construed as modifying such rules.

Judgment affirmed.

JACKSON, C. J., and WILLIAMS, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in results.