**Glen W. KETCHUM, Plaintiff-Appellee,**

v.

**Anna J. NALL, Defendant-Appellant.**

**No. 621–69.**

United States Court of Appeals,
Tenth Circuit.

May 4, 1970.

Lawrence H. McMillin, Oklahoma City, Okl. (Lowell E. Clifton, Oklahoma City, Okl., on the brief), for defendant-appellant.

Edwin D. Abel, of Lampkin & Wolfe, Oklahoma City, Okl., for plaintiff-appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

In this diversity suit, Mrs. Nall appeals from a judgment in favor of Ketchum as compensation for injuries received in an automobile-truck collision south of Altus, Oklahoma. Both Nall and Ketchum were proceeding in a northerly direction on a two lane highway when the right front of Ketchum's truck struck the left rear and left side of Nall's car as Ketchum was attempting to pass Nall.

The crucial fact dispute at trial was whether the impact occurred west of the center of the highway as contended by Ketchum or east of the center of the highway as contended by Nall. Both parties presented evidence bearing on the location of the point of impact and on the extent of the injuries sustained by Ketchum. Nall also presented evidence on her counterclaim for property damage sustained in the accident. The jury returned a general verdict for Ketchum. Implicit in the verdict is a finding that the impact occurred west of the center of the highway and that Nall was at fault.

Nall contends that (1) the verdict is contrary to the evidence, (2) the verdict is excessive and the product of passion and prejudice and (3) she did not receive a fair trial and substantial justice. These same issues were presented to the trial court by a motion for new trial which was overruled. The question we must answer is whether the trial court erred in overruling the motion.

A motion for directed verdict made after all the evidence is in may be taken under advisement and ruled upon after the jury has returned a verdict. In this posture of the case, the trial judge may deny the motion and enter judgment on the jury verdict or he may grant the motion and enter judgment for the moving party if he is convinced that the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion or in the exercise of his sound discretion he may grant a new trial. Rule 50(b), Federal Rules of Civil Procedure.

There is of course a well recognized distinction between the power to direct a verdict and the granting of a new trial. The distinction lies in the discretion committed to the trial judge in ruling on a motion for new trial but denied to him in ruling on a motion for directed verdict. We have said that "When the evidence is wholly insufficient to support a verdict, it is the duty of the trial court to direct a verdict or enter a judgment n. o. v., and the court has no discretion in that respect. But, the granting of a new trial involves an element of discretion which goes further than the mere sufficiency of the evidence. It embraces all the reasons which inhere in the integrity of the jury system itself." Tidewater Oil Company v. Waller, 302 F.2d 638 at 643 (10th Cir. 1962). See also Moore's Federal Practice, Section 50.03[2], page 2335. Nall did not move for a directed verdict at the close of all the evidence, so the only question is the appropriateness of the trial judge's ruling on the motion for new trial.

To be sure a motion for new trial may be granted on the clear weight of the evidence even though a directed verdict would not be proper. Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4th Cir. 1941); Tidewater Oil Company v. Waller, supra. See also Moore's Federal Practice, Section 59.08[5], page 3817. But even so the most that can be said here is that the jury could have returned a verdict in Nall's favor. It did not. The parties offered credible, but conflicting, evidence, and the jury resolved the conflict in Ketchum's favor. Under these circumstances we cannot say that the trial judge abused his discretion in finding that the verdict was not clearly or decidedly against the weight of the credible evidence.

244

Alleged misconduct of Ketchum's counsel during cross-examination of Nall and during closing argument forms the basis for Nall's contention that the $12,500 verdict is the result of passion and prejudice and excessive. The challenged questions concerned the number of times Mrs. Nall had been married and whether she had worked in beer taverns near the scene of the accident. Defense counsel objected to the questions, the objections were sustained, and the jury was admonished to disregard the questions. No mistrial was sought.

The challenged portion of the closing argument consisted of a statement by Ketchum's counsel that Nall had filed a counterclaim to confuse the issues and to prevent the jury from returning a verdict for the plaintiff. Defense counsel did not object to the argument.

██ The trial judge is in the best position to determine if the decision of the jury was influenced by passion and prejudice. Franklin v. Shelton, 250 F.2d 92 (10th Cir. 1957), cert. denied 355 U.S. 959, 78 S.Ct. 544, 2 L.Ed.2d 533. And we have often said that " * * * absent an award so excessive or inadequate as to shock the judicial conscience and raise an irresistible inference that passion, prejudice or another improper cause invaded the trial, the jury's determination of the amount of damages is inviolate." Morgan v. Labiak, 368 F.2d 338 (10th Cir. 1966), quoting from Lane v. Gorman, 347 F.2d 332 (10th Cir. 1965).

██ In ruling on the motion for new trial, Judge Bohanon thought that "the defendant had a fair and impartial trial in this case and the verdict of the jury [was] sustained by substantial evidence * * * " This determination necessarily included a finding that the improper questions and the final argument did not taint either the finding of liability or the amount of the verdict. We agree. Nothing appears in the record that would enable us to say the verdict was the product of anything other than the considered deliberations of the jury. Mrs. Nall received a fair and impartial trial, and the judgment is affirmed.

Judgment affirmed.