**Anne H. WOOLF and Donald Woolf, Plaintiffs-Appellants,**

v.

**TRANS WORLD AIRLINES, INC., a Delaware corporation, Defendant-Appellee.**

**No. 402–70.**

United States Court of Appeals, Tenth Circuit.

June 4, 1971.

Rehearing Denied July 13, 1971.

John W. Norman, Oklahoma City, Okl., for plaintiffs-appellants.

Lynn J. Bullis, Jr., Oklahoma City, Okl., for defendant-appellee.

Before HILL and JONES,[*] Circuit Judges, and BROWN, District Judge.

HILL, Circuit Judge.

Mr. and Mrs. Woolf sued TWA for injuries allegedly sustained by the latter when, according to her, the plane in which she was a passenger landed with an "incredible jolt." Mrs. Woolf sues for personal injuries, pain and suffering, permanent disability, and impaired earning capacity; Mr. Woolf requested damages for the $5,994.59 expended on medical bills, for future medical bills, and for loss of services and consortium. The trial court reserved ruling on TWA's motion for directed verdict until after the case went to the jury and a verdict of $5,994.59 was awarded to Mrs. Woolf and nothing was awarded her husband. After the verdict was returned, the trial court granted the directed verdict and also TWA's motion for judgment n.o.v. and entered an order and judgment vacating the verdict of the jury and entering a judgment for TWA. The Woolfs appeal.

The first issue is whether there was sufficient evidence to justify sending the case to the jury. At the outset, it is noted that all parties agree that as a common carrier for hire, TWA owed a high duty of care to all its passengers. Several passenger safety cases are cited by appellants [1] but the one most analo-

---

* Of the Fifth Circuit, sitting by designation.

1. Missouri-Kansas-Texas Rd. Co. v. Ingram, 322 F.2d 286 (10th Cir. 1963) ;

Sand Springs Ry. Co. v. Cole, 279 P.2d 938 (Okl.1955).

gous to the instant suit is Oklahoma Transportation Company v. Claiborn, 434 P.2d 299 (Okl.1967). Plaintiff there was a passenger on a bus and was injured when the vehicle "suddenly swerved." In deciding what was necessary to make out a prima facie case of negligence against a carrier, the court said: "when it is shown that a bus is swerved and slowed, or stopped, with such suddenness and violence as to be beyond the reasonable anticipation of a passenger, and to be the cause of injury to the passenger, a prima facie case of negligence of the carrier is presented." Oklahoma Transportation Company v. Claiborn, 434 P.2d at 301.

There is one significant fact that distinguishes Claiborn from the instant case. In that suit there was no conflict that the bus had suddenly slowed to avoid an accident, whereas in the instant suit the only person who recalls an "incredible jolt" or, indeed, any jolt at all, is Mrs. Woolf. Because the testimony does not show that the airplane made an unusual landing, appellants failed to make a prima facie case, and the trial court properly granted the motion for directed verdict and judgment n.o.v. We have said on numerous occasions that if the proof is so overwhelmingly preponderant in favor of movant as to permit no other rational conclusion, it is the duty of the trial court to direct a verdict or enter a judgment n.o.v. Ketchum v. Nall, 425 F.2d 242 (10th Cir. 1970); C. H. Codding & Sons v. Armour & Company, 404 F.2d 1 (10th Cir.1968); Martin K. Eby Construction Company v. Neely, 344 F.2d 482 (10th Cir.1965).

The only other testimony which suggests that the landing was out of the ordinary was another passenger's statement that "it was a hairy landing." However, his explanation was that a cross-wind caused the airplane to tilt a bit before landing, but that it leveled off and then landed. Nothing whatsoever implies that the impact upon touching down was anything but normal. Excluding Mrs. Woolf, seven persons testified at trial. Neither the pilot, the copilot nor the engineer remembered the landing as unusual. The other witnesses were passengers on the same flight, and none of them remembered a rough landing and most had no recollection of the landing at all. Our conclusion from the testimony is that Mrs. Woolf simply did not proffer evidence to support her allegation that there was an "incredible jolt" when the airplane landed. We can only conclude that the trial court properly granted appellee's motions.

Appellants' second contention is that the court's instructions were proper and that judgment should have been entered for appellants. Having decided that the case should not have been submitted to the jury because the evidence so overwhelmingly preponderated in favor of TWA, we need not decide this argument.

Affirmed.