PAYMENT OF UNEMPLOYMENT BENEFITS Pursuant to the "Java" case, the Oklahoma Employment Security Commission, after initially determining that a claimant is eligible for unemployment benefits, must pay such benefits notwithstanding an appeal being filed. The Attorney General has considered your opinion request wherein in effect you ask the following question: "Should the Oklahoma Employment Security Commission, pursuant to California Department of Human Resources Development, et al. vs. Java, et al., 91 S.Ct. 1347 (1971), after said Commission makes an additional and initial determination that a claimant is eligible for unemployment benefits, pay such benefits not withstanding an appeal filed by the employer?" As you have explained in your letter, the Java case occurred in California, the issue being, whether the California procedure of suspension of payments pending an appeal is consistent with Section 303 (a)(1) of the Social Security Act which provides that the state law shall "be reasonably calculated to insure full payment of unemployment compensation when due." The Supreme Court subsequently held, that the California procedure which suspended payments for a median period of seven to ten weeks pending appeal after an initial determination of eligibility had been made, was not reasonably calculated to insure full payment of unemployment compensation when due, and accordingly, the Court held that Section 1335 of the California Code should be enjoined because of its inconsistency with Section 303 (a) (1) of the Social Security Act. Section 1335 provides in part as follows: "If an appeal is filed, benefits with respect to the period prior to the final decision on the appeal shall be paid only after such decision . . ." (Emphasis added) The following points derived from the Java decision are noted for consideration: 1. The former employee was given an eligibility interview at which the employer did not appear, although such an appearance was permitted pursuant to notice received; 2. The District Court of California had held that by not providing for a pre-determination hearing, the California procedure constituted a denial of procedural due process although this point was not relied upon in the Supreme Court decision; 3. The Supreme Court concluded that the interview for the determination of initial eligibility was the critical point in the California procedure; 4. The Court concluded that the word "due" in 303 (a) (1) meant the time when payments were first administratively allowed as a result of a hearing in which both parties had notice and were permitted to present their respective positions; 5. The Court noted that it would frustrate one of the Employment Act's basic purposes, that being to provide a substitute for wages, by permitting an employer to ignore the initial interview or fail to assert and document a defense, and then subsequently effectuate cessation of payment by asserting a defense to the claim by way of appeal. In considering point (5), it might appear that where an employer participated at the initial hearing and lost, then any appeal thereafter would not so stay the unemployment payments. The Court though did not speak as to this alternative but specifically stated that California's total legislative approach tends to frustrate the congressional objective of the Social Security Act. Title 40 O.S. 216 [40-216](e) (1961) provides in part as follows: "Benefits shall be promptly paid on any claim in accordance with a determination or redetermination, unless a party files an appeal with an appeal tribunal as provided in this section." (Emphasis added) Section 40 O.S. 216 [40-216](e) further provides that judicial review, pursuant to Section 40 O.S. 216 [40-216](d) shall not operate as a supersedeas or stay unless the initial appellate authority shall so order. This proposition has been upheld in Abraham v. A. P. Van Meter, 434 P.2d 303, Okl. 1956, wherein the Court held that: "That section of the Oklahoma Employment Security Act providing for payment of unemployment insurance benefits regardless of judicial review in preventing a court from enjoining their payments pending judicial review is not unconstitutional as in contravention of power granted district courts to grant restraining orders in injunctive relief, or as in violation of due process by authorizing payment pending judicial review, and thereby depriving contributors to the fund of their property, in view of further provisions of the act for recovery and recoupment of benefits upon certain considerations referred to therein." More importantly, the Abraham Court stated that one of the principal purposes of the Oklahoma Employment Security Act is to obtain for individuals, to which it applies, compensation, on a weekly basis, for periods of their unemployment, 40 O.S. 211 [40-211] (1961) et seq. Accordingly, Oklahoma law (40 O.S. 216 [40-216](e) (19961)) coincides with that of California (West's Ann. Cal. Un. Ins. C. 1335) and therefore, a stay of unemployment benefits, upon an appeal being filed subsequent to the initial interview, would circumvent and frustrate the intent and purpose behind Section 303(a)(1) of the Social Security Act. Therefore, it is the opinion of the Attorney General that your question be answered in the affirmative. Pursuant to the Java case, the Oklahoma Employment Security Commission, after initially determining that a claimant is eligible for unemployment benefits, must pay such benefits notwithstanding an appeal being filed. (Larry L. French)