### WESLEY et al. v. CHANDLER.
No. 25584. Dec. 11, 1934.

Bruce & Jefferson, for plaintiffs in error.

C. E. Corbett and Charles A. Chandler, for defendant in error.

CULLISON, V. C. J. Carter W. Wesley et al., as plaintiffs, filed suit against Charles A. Chandler, defendant, seeking to recover certain amounts alleged to be due. A demurrer was sustained to the amended petition of plaintiffs, and said cause was appealed to this court. A decision was rendered therein, reported in 152 Okla. 22, 3 P. (2d) 720, wherein this court reversed the judgment of the trial court in sustaining a demurrer to the amended petition and remanded said cause to the trial court for the purpose of proceeding in accordance with said opinion. Upon the return of said cause to the trial court, the issues were joined and trial had before a jury, which found in favor of defendant, and from said judgment plaintiffs appeal.

Plaintiffs contend the court erred in overruling their motion for judgment non obstante veredicto.

The basis of the suit at bar is a contract entered into between plaintiffs and defendant whereby plaintiffs sold to defendant their law practice in Muskogee, Okla., at a certain price, a part of which was paid at the time of executing the contract and the balance divided into two installments to be paid at later dates. Defendant raised the issue of fraud by showing that plaintiffs made certain fraudulent representations to him relative to said business, and that he relied upon said representations in executing said contract. All of the evidence upon said amount due under the contract, and the defenses of defendant, were presented in said matter and raised proper issues to be passed upon by the jury, and presented such a record that the court could not properly have rendered judgment for plaintiffs notwithstanding the verdict of the jury. Said assignment of error is not well taken.

Plaintiffs further contend the court erred in refusing to instruct the jury in accordance with certain instructions presented by plaintiffs, which said instructions were refused by the court. All of the questions of error presented by plaintiffs based upon the refusal of the trial court to give the requested instructions as presented by plaintiffs are not well taken, because plaintiffs failed to save proper exceptions to the ruling of the trial court in his refusal to give the requested instructions. Following each requested instruction is the following notation: "Requested by plaintiffs and refused. _____, Judge." Defendant contends that said indorsement upon each of the requested instructions is not sufficient

to present the question of error to this court, and bases said contention upon the case of Sand Springs Railway Co. v. Westhafer, 92 Okla. 89, 218 P. 525.

Section 360, O. S. 1931, provides, in substance, that a party excepting to the giving or refusal to give an instruction shall not be required to file a formal bill of exception, but it shall be sufficient to write at the close of each instruction, "Refused and excepted to," or "Given and excepted to," which shall be signed by the judge. Said section of our statute was construed by this court in the case of Sand Springs Railway Co. v. Westhafer, 92 Okla. 89, 218 P. 525, wherein the court held that the words, "Requested by defendant and refused. _____. Judge," were not sufficient to save an exception under section 360, supra, because nowhere is there any showing that the aggrieved party excepts to the ruling of the trial court, and having saved no proper exception thereto, the same presents no error for this court to consider. On the authority of the Sand Springs Railway Co. Case, construing the applicable section of our statute, we hold that there was no sufficient exception saved by plaintiffs to the refusal of the trial judge to give the requested instructions so as to present any error for the consideration of this court.

Plaintiffs further contend that the trial court erred in giving instruction No. 3 of the court's instructions to the jury. We have carefully considered said instruction in connection with the evidence introduced in the trial of said cause and the issues as presented by the pleadings, and conclude that said instruction properly interprets the law in the case at bar, and that no reversible error was committed by the trial court in giving said instruction.

Plaintiffs also contend that the trial court erred in making certain remarks during the trial of said cause, but said remarks concerning which the plaintiffs complain do not appear to have been excepted to by the plaintiffs, and no error is presented thereby.

The verdict of the jury was in favor of defendant. There is sufficient evidence in the record to sustain said verdict. We have carefully examined the questions of error presented by plaintiffs, in connection with the record, and authorities relied thereon, and fail to find any reversible error in the record. The judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, WELCH, and OSBORN, JJ., concur.