SLATER et al. v. MEFFORD, Adm'r.

No. 29344.   Oct. 15, 1940.

Rehearing Denied Dec. 10, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 25, 1941.

*111 P. 2d 159.*

Moss & Young and Ramsey, Martin & Logan, all of Tulsa, and Walker & Lewis, of Sapulpa, for plaintiffs in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

DAVISON, J. This appeal presents certain assigned errors that are alleged to have occurred in an action commenced by the defendant in error to recover damages against the plaintiffs in error for the alleged wrongful death of Thurman Eldridge.

The cause was tried to a jury and judgment was entered in accord with a verdict for the plaintiff.

The parties will hereinafter be referred to by their trial court designations of "plaintiff" and "defendants."

The deceased was employed as a pumper upon an oil and gas lease owned by the defendants and lost his life while engaged in repairing a gas engine on said lease. The defendants' legal responsibility for the fatal accident was predicated upon their alleged failure to provide Eldridge with a safe place in which to perform said task and to instruct him with reference to a safe method or manner of performing it.

In urging a reversal of the trial court's judgment, the defendants, under three propositions, dealing with the alleged insufficiency of the evidence, attempt to demonstrate the merit in the separate motions in which the trial court, after all of the evidence had been introduced, was requested to direct the jury to return a verdict in their favor. It would unnecessarily lengthen this opinion to describe or discuss this argument, however, for the matters dealt with therein are not properly before this court for decision. The record reveals that, although they demurred to the plaintiff's evidence, after waiving the question thus presented by introducing evidence in their own behalf, the defendants challenged the sufficiency of the evidence as a whole by separate motions for a directed verdict. The defendants then allowed the cause to be submitted to the jury without ever obtaining any specific ruling from the trial court upon said motions. It is well settled that a "motion which, so far as appears from the record, was never decided or ruled on below presents no question for decision in the appellate court." 4 C.J.S. p. 656, sec. 321e; and see Holcombe & Hoke Mfg. Co. v. Waters, 109 Okla. 107, 235 P. 198. In Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408, this court held that a "party who permits a case to proceed to judgment without having the court act upon a motion made by him must be deemed to have waived his right to have the same acted upon"; and we declined to consider the alleged error of the trial court in refusing to sustain such a motion. The principles enunciated apply as well to motions challenging the sufficiency of evidence. 3 C. J. 889, sec. 795d. While it is true that the first peremptory instruction submitted by the defendants was a direction that a verdict be returned in their favor, the record contains no showing that an exception was taken to said refusal. That this court will not review an error predicated upon such a ruling is well settled. See section 360, O. S. 1931, 12 O.S.A. § 578; Wesley v. Chandler, 170 Okla. 13, 44 P. 2d 827; Shobe v. Sykes, 169 Okla. 491, 37 P. 2d 908; Chowins v. Gypsy Oil Co., 185 Okla. 630, 95 P. 2d 586.

In an attempt to circumvent the application of the foregoing principles to the within cause, counsel for the defendants apparently take the position that they challenged the sufficiency of the evidence so frequently that it is unnecessary for them to have an exception to a ruling by the court upon which to predicate its alleged error in submitting the cause to the jury. They say that "the only purpose of an exception is to direct the court's attention to its error," and that since they called the court's attention to the insufficiency of the evidence to sustain plaintiff's cause of action and objected to its submission to the jury by demurrer to plaintiff's evidence, motion for a directed verdict, and request for a peremptory instruction, and again asserted the alleged insufficiency of the

evidence in their motion for a new trial and petition in error, the record thus shows that they never admitted the sufficiency of the evidence or acquiesced in its submission to the jury. On the basis of this argument, it is asserted that according to the decision in the case of Wilkinson v. Whitworth, 169 Okla. 286, 36 P. 2d 932, the defendants are entitled to a determination by this court as to whether the evidence introduced at the trial was sufficient to justify its submission to the jury. This argument not only fails to recognize well-settled principles of our practice and procedure which govern the operation of the rule announced in the Wilkinson Case, but misconceives the true character and purpose of excepting to the rulings of a trial court upon matters of evidence. The rule that exceptions need not be saved to secure a reversal of an order or judgment cannot apply to a case like the present one, where the error complained of does not inhere in any order or judgment that comprises a part of the judgment roll or record proper. This is demonstrated by the complete text of the rule of which the latter is but a corollary. The rule, together with one of its corollaries, was first enunciated by this court in the case of Territory ex rel. Taylor v. Caffrey, 8 Okla. 193, 57 P. 204, as follows:

"Rulings and orders of the trial court as applied to the evidence, those constituting errors of law occurring on the trial, and generally rulings upon the trial of the cause complained of, must be excepted to at the time. * * * But exceptions are not necessary to enable this court to review and correct errors that are apparent upon the judgment roll or record proper."

It will readily be seen that the trial court's refusal to instruct or direct the jury to return a verdict for the defendants, if error, was not one that is "apparent upon the judgment roll or record proper." See Tribal Development Co. v. White Bros., 28 Okla. 525, 114 P. 736; Kellogg v. School Dist. No. 10 of Comanche Co., 13 Okla. 285, 74 P. 110, 111; Denson v. Frame, 98 Okla. 132,

224 P. 311; see, also, cases discussed in Pure Oil Co. v. Quarles, 183 Okla. 418, 82 P. 2d 970, 972, 973. Consequently, an exception to such action was a necessary predicate for the assignment of same as error. Nor in the absence of an exception thereto can the defendants successfully deny that they acquiesced in the alleged error. In this jurisdiction as well as in other code states, a failure to except to the ruling of the trial court is deemed an acquiescence therein. See General Explosives Co. v. Wilcox, 131 Okla. 190, 268 P. 266; State v. Laundy (Ore.) 206 P. 290. In the light of the foregoing discussion, it is apparent that the record before us presents nothing that has been properly preserved as a predicate for the defendants' claim that the trial court erred in submitting the cause to the jury on account of the insufficiency of the evidence.

The rest of the defendants' argument pertains to alleged errors in the court's instructions to the jury. Under their fourth proposition, they state that the plaintiff's pleadings were copied and incorporated in the first (unnumbered) instruction given. Such a method of issuing instructions is asserted to have constituted error, not only because it failed to give the jury a clear and concise statement of the issues, but to have been prejudicial for the reason that plaintiff's pleadings contained certain allegations that are claimed to be without application to the issues. In support of the first phase of this argument, the case of Lambard-Hart Loan Co. v. Smiley, 115 Okla. 202, 242 P. 212, is cited as authority for the following rule:

"Where the pleadings are voluminous and involved and the court does not state the issues in its instructions to the jury, it is reversible error to submit the pleadings to the jury for them to determine what the issues are."

On the other hand, counsel for the plaintiff call attention to the cases of St. Louis-San Francisco Ry. Co. v. Routh, 133 Okla. 168, 271 P. 835, and St. Louis-San Francisco Ry. Co. v. Eakins, 141 Okla. 256, 284 P. 866, to

which this court expressly declined to apply the above-quoted rule. Our decisions in the latter cases are in accord with the general rule that a judgment will not be reversed on account of the giving of erroneous instructions, where the party complaining of such errors failed to request correct instructions and it does not appear that his rights have been prejudiced thereby. Counsel for the defendants, however, claim that the giving of the instruction in question here, in conjunction with the instruction which followed it, allowed the jury to consider allegations of the amendment to the plaintiff's petition concerning a highly prejudicial matter that was not a proper issue in the cause. The allegations which the court quoted in said instruction and are now said to be objectionable are as follows:

"* * * That at the times mentioned defendants employed deceased, J. M. Eldridge and Gilbert Vanarsdale were working on said lease; that defendants failed to comply with the Workmen's Compensation Act of this state; that they failed to procure or furnish insurance as required by the laws of this state; and had refused to qualify or carry their own insurance in lieu of furnishing proper insurance by reason thereof defendants are liable for any and all acts of negligence on the part of said fellow servants of deceased while assisting deceased in manipulating the cam shaft when he was attempting to repair the engine as hereinbefore stated."

Following his quotations from the pleadings in his first instruction, the trial judge in his next instruction told the jury the following:

"You are instructed that upon these issues the plaintiff and defendant have offered their evidence, and the case is now submitted to you for your consideration and verdict."

In answer to the argument on behalf of the defendants, counsel for the plaintiff seeks to justify the insertion of the above-quoted allegations in his pleading by a rather convincing argument to the effect that since the fatal accident occurred under circumstances from which it might have been inferred that same was due entirely or in part to acts of negligence on the part of the decedent's father, J. M. Eldridge, and Gilbert Vanarsdale (who according to some of the evidence were fellow servants of said decedent), it was advisable for the plaintiff to show that the fellow servant rule did not apply to his cause; and that consequently said allegations were not irrelevant to his case, but were an appropriate preliminary to showing that since the defendants had not complied with the Oklahoma statutes relative to insuring their employees against injuries suffered in performing their hazardous duties, they were prevented by section 13352, O. S. 1931, 85 O.S.A. § 12, from successfully invoking the fellow-servant rule as a defense to plaintiff's action. We find it unnecessary to pass upon the conclusions thus asserted and in deciding whether or not the instructions in question constituted reversible error to go further and determine whether or not section 13352, supra, applies to the present case. There is no showing in the record that the trial judge attempted to apply section 13352, supra, to the case or instructed the jury that it was applicable. He merely mentioned the quoted allegations among others which he said comprised the issues upon which evidence had been offered. This was not a misstatement of fact. The defendants had allowed the cause to go to trial upon those allegations as well as the other allegations contained in the amendment to plaintiff's petition, and without moving to have same stricken from said pleading or endeavoring in any other manner to have the matters therein referred to eliminated from the issues upon which the case went to trial, they introduced evidence tending to show that the defendant, Slater, had procured insurance on the deceased. Whether or not Slater's efforts constituted a sufficient compliance with the provisions of our statutes with reference to an employer's insurance of his employees against injury was a question which remained unanswered when the evi-

dence was submitted to the jury. Under these circumstances, even if the quoted allegations did concern matters which neither party should have injected into the issues of an action like the present one, we are not convinced that the defendants are entitled to a reversal of the judgment herein on the ground that the court misled the jury by referring to them as he did in this case. If counsel for the defendants were of the opinion that said allegations should not have been mentioned by the trial judge in his instructions to the jury, they should have offered instructions which they believed properly defined the issues. The case of Leonard et al. v. Stepp, 175 Okla. 487, 53 P. 2d 1110, is cited in support of the defendants' contention that the court's reference in this case to the allegations in question was prejudicial, but we fail to see the asserted analogy between the two cases. The cited case deals with the remarks of the counsel for the plaintiff therein which were unquestionably irrelevant, for the matter to which they referred had specifically been eliminated from the issues in the case by the previous action of the court in sustaining a demurrer to the plaintiff's second amended petition.

The defendants next complain of the trial court's instruction No. 8 on the ground that it did not allow the jury to return a verdict for the defendants upon finding that negligence on the part of the deceased contributed to his own injury, but that it required as a basis for such a verdict a finding that the deceased's negligence was the proximate cause of the accident. The defendants are in no position to complain of the trial court's failure to give what they deemed an adequate instruction upon the subject of contributory negligence. The record contains no indication that it ever occurred to them or their attorneys during the trial to request such an instruction. They took the position, as shown by their pleadings, that they in no way contributed to Eldridge's injuries and death, but that same resulted "solely and alone from" his own "negligent acts and want of care for his own

safety. * * *" Therefore, an instruction anticipating a finding of contributory negligence by the jury in the present case could in no way have prejudiced the defendant's cause and would have been inappropriate to their theory of it. See Armstrong v. Green, 113 Okla. 254, 241 P. 789.

The next contention argued in the defendants' brief is that the trial court's instruction numbered 9 is erroneous. The substance of the first complaint leveled against said instruction is that it advised the jury that one of the issues involved was whether or not the defendants used ordinary care in employing the deceased. It is true that this question is formulated therein, but the objectionable portion seems to be merely introductory or a preface to, rather than any part of, the directions therein contained. When the entire context of the instruction is examined, it cannot be said to predicate the defendants' liability in whole or in part upon the mere fact that they had employed the deceased.

Counsel for the defendants next contend that in telling the jury in this instruction that "it is the duty of an employer, especially where machinery is in operation, to provide safe places for his employees to work," the court not only gave the jury an incorrect and exaggerated description of such duty, but that such an instruction is inapplicable to the present case. The quoted language is said to be inapplicable because there is "absolutely no evidence in this record justifying the submission of such alleged ground of negligence." In our opinion this argument is untenable. One of the grounds of the defendants' asserted liability was their failure to provide Eldridge with a safe place to work. While the defendants adduced rather convincing evidence to the effect that he was provided with as safe a place to work as was ordinarily furnished for such work, yet there was also some testimony tending to show that there was at least one safety device for dangerous machinery that the defendants had not procured. The duty which all of the di-

rections contained in instruction No. 9 refers to is the duty of an employer with reference to instructing a young, inexperienced employee in the performance of work about machines. In view of the close relationship of the duties mentioned therein (see Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 253, 210 P. 141, 155; Joy v. Pope, 175 Okla. 540, 542, 53 P. 2d 683, 685) and the fact that the plaintiff's right to recovery was therein predicated not upon a finding that the defendants had failed to discharge an employer's duty with reference to furnishing his employees a safe place to work but upon a finding that they had not used ordinary care in instructing him as to the performance of his work, it does not appear to us probable that instruction No. 9 had the misleading effect which is usually considered necessary for reversing a judgment on account of an instruction alleged to contain language which is inapplicable to the issues or is inaccurate, incomplete, or erroneous. See section 3205, O. S. 1931, 22 O.S.A. § 1067; City of Muskogee v. Magee, 177 Okla. 39, 57 P. 2d 252; Southern Drilling Co. v. Mc-Kee, 171 Okla. 409, 42 P. 2d 265; Adair v. Moore, 183 Okla. 563, 83 P. 2d 813; Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312; Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 P. 1166.

The next complaint lodged against instruction No. 9 is that it "repeatedly directs or attempts to direct the attention of the jury to the age and inexperience of the deceased in such a manner as to indicate clearly to the jury the opinion of the court upon ·such subjects." In support of this contention counsel calls our attention to previous pronouncements of this court to the effect that such a practice should not be indulged in, and we have examined the portions of the instruction which counsel delineate as making the rule applicable to this case and have considered them in connection with the rest of the instruction. Upon such consideration we have concluded that though the instruction is awkwardly phrased and worded in some places, and is not as clear and concise as it might be, we cannot concur in counsel's view that it intimates the trial judge's opinion of the evidence.

It is also said that the instruction advises "the jury that if deceased was not familiar with the work he was required to do from the time he was employed, up until the time of his death, then it was the duty of the defendants to warn him." The language complained of is contained in the following excerpt from said instruction:

"* * * If, from the evidence, you find that he was not familiar with the work he was required to do, when he was employed and thereafter, up until the time of his death and that his employers knew of his inexperience and his youth, failed to use the ordinary care of instructing him as to the work he was to perform and the dangers in working about machinery and the caution he should take when working on the machinery, then if you should find from the evidence that because of that failure on part of the defendant deceased was compelled to act upon his own judgment in the working in and about said machinery and that he did not know and understand the hazard connected therewith, if he failed to disconnect the electricity from the machinery that he was working on and that by reason thereof he lost his life in the machinery while working on same, then and in that event, it will be your duty to find for the plaintiff and fix his recovery at a sum not to exceed the amount sued for."

Counsel seems to be of the opinion that the quoted portion of the instruction advised the jury that a finding merely that the deceased was inexperienced at the time he was employed by the defendants, without regard to whether or not he was experienced at the time he was injured, would sustain a verdict for the plaintiff. We think that counsel's interpretation of the language quoted is at best a strained, rather than a reasonable one. The purpose served by the particular words objected to is undoubtedly one of which the de-

fendants cannot complain, for they imply that the defendants were not obliged to instruct the deceased concerning his work unless it was found that he was not familiar with such work at the time they employed him *and never thereafter became familiar with it.*

In connection with their other complaints and apparently as an incidental matter, counsel for the defendants charge that instruction No. 9 is "contrary to all the evidence because same reveals that the deceased was entirely experienced in the character of work he was doing, was an expert immediately preceding his death."

We cannot uphold this indictment of the instruction because it is based upon conclusions concerning the evidence that we cannot adopt. While there is evidence tending to show that the deceased had been employed upon the defendants' lease for approximately two years before the fatal accident, that about six months previous to the fatal accident he had performed the same task in which he was engaged at the time of his death, and there was testimony to the effect that his father who was working with him at the time of his death had told him to take a precautionary measure that would have prevented the accident, yet there was also evidence indicating that the deceased was only 20 years of age and had no experience in the character of work he was performing for the defendants, before entering their employment. We are unwilling to hold as a matter of law that such evidence was sufficient to eliminate from the issues of the case the question of whether the defendants owed the deceased the duty of warning him concerning the dangers to be encountered in a task such as he was engaged in at the time of his death or to instruct him as to a safe method or manner of performing the same. The weight and sufficiency of such evidence was a matter for the determination of the jury, and as hereinbefore demonstrated we are not herein called upon to review that determination. In view of the foregoing consid-

erations, we cannot say that instruction No. 9 is inapplicable or contrary to the evidence upon the hypothesis that the same proved Eldridge to be experienced to such an extent that the defendants owed him no duty of warning and/or instruction.

Counsel for the defendants next say the following concerning the instruction under discussion:

"In the last place the instruction is erroneous because it fails and refuses to advise the jury in connection with the age and inexperience of the deceased that if the danger were open and obvious, then there was no duty on the part of the defendants to warn the deceased."

The court committed no error in omitting from instruction No. 9 the proposition thus stated by counsel, for it was set forth plainly and adequately in the 12th numbered instruction given. According to the fundamental rules governing the review of such alleged errors, the instructions must be considered as a whole; no particular paragraph thereof need contain all of the law of the case, and the omission of a necessary legal principle from one paragraph of the instructions is not usually considered error if the same is supplied by or contained in another paragraph or instruction given.

The defendants' last complaint concerning the instructions is closely related to the one just dealt with, and what we have already said in the last preceding paragraph is largely applicable thereto. By instruction No. 11, the jury was advised in substance that if they found from a preponderance of the evidence concerning Eldridge's experience and familiarity with his work that he appreciated the dangers to be encountered in the performance of such a task as he was engaged in at the time of the fatal accident, then, and in that event, he assumed the risk connected therewith and the plaintiff could not recover. The argument advanced on behalf of the defendants is that the giving of instruction No. 11, without accompanying it by the advice that El-

dridge also assumed the risk of all hazards that were open and obvious, was error. Since as already noted the allegedly omitted advice was contained in the trial court's instruction immediately following instruction No. 11, it is necessary only to refer to the rules already cited to demonstrate that there is no merit to the defendants' argument on this point.

Having examined all of the instructions of which complaint has been made and finding no cause for reversal in the defendants' criticism of them and that the other assignments of error have not been properly presented, we must affirm the judgment of the trial court.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and NEFF, JJ., concur. CORN and GIBSON, JJ., absent.