MISSOURI–KANSAS–TEXAS RAILROAD
COMPANY, a corporation, Plain-
tiff in Error,

v.

Hubert HARPER and Mrs. Hubert Harper,
Defendants in Error.

No. 42395.

Supreme Court of Oklahoma.

April 28, 1970.

Bonds, Matthews & Mason, by A. Camp Bonds, Muskogee, for plaintiff in error.

Baker & Baker, Tulsa, for defendants in error.

BLACKBIRD, Justice.

This action is the third damage suit to come before this Court arising out of the

same auto-train collision involved in the two cases of Missouri-Kansas-Texas Railroad Co. v. Hayes, Okl., 445 P.2d 249, and 445 P.2d 254. The first cited case will hereinafter be referred to as "Hayes Case No. 1".

In this case, defendants in error, hereinafter referred to as "plaintiffs", sought recovery of the total sum of $24,750.00 from plaintiff in error and its train's engineer, H. S. Whitlock, hereinafter referred to as "defendants", for the wrongful death of their 15-year-old son, Kenneth Harper, who was riding as one of the guest passengers in the front seat of the same 1959 Model Chevrolet Sedan, in which the Hayes children, involved in the cited cases, were riding, when that collision occurred. Kenneth Harper's injuries were fatal.

After a joining of its issues, very similar to that which occurred in the above cited cases, this case was tried before a jury. As the evidence introduced at this trial, including testimony elicited from some of the same witnesses, tended to establish the same essential facts concerning the railroad crossing, its surroundings, and the collision there, as were set forth in our opinions in those cases, we will not repeat, or refer to, all of them herein.

At the trial of this case, defendants challenged the sufficiency of plaintiffs' evidence in chief by a demurrer thereto, and, after saving their exceptions to the court's order overruling it, and after all parties had introduced all of their evidence and rested, defendants moved for directed verdicts. When these motions were overruled, defendants requested the court to give the jury certain instructions. These requests were denied, and defendants excepted to certain of the instructions the court thereafter gave the jury.

After its deliberations, the jury returned a verdict for plaintiffs, and against the defendant Railroad Company, for damages in the sum of $11,835.92. Judgment was thereafter rendered accordingly, and, after the overruling of its motion for a new trial, said defendant lodged the present appeal.

In its first proposition for reversal, defendant contends that the trial court erred in overruling its above mentioned challenges to the sufficiency of the evidence. Its argument that the court should have sustained its motion for a directed verdict is based largely upon evidence tending to show that its train reached the subject crossing before the Chevrolet Sedan, and was already across Lynn Lane Road, blocking the auto's path, when the latter arrived there and struck the train.

Defendant's theory is the same one it advanced in the Hayes Cases, supra, that, in such a situation, the presence of the train extending across the road at the crossing is sufficient notice, to motorists approaching the crossing, of such obstruction to travel on the road (without the necessity of the railroad giving any other warning) under such cases as Atchison, T. & S. F. Ry. Co. v. Templar, 204 Okl. 460, 230 P.2d 907. We indicated our answer to this argument in the Hayes Cases, supra, when we there held, in effect, that, in view of the evidence indicating that this railroad crossing was an extra hazardous one and that the auto and train arrived at it almost simultaneously, there was sufficient evidence to support the jury's verdict without regard to, or application of, the cited rule. After thoroughly examining the record before us, we find that the evidence in this case tends to establish the same controlling facts there referred to. Consequently, there is no reason why what we said relative to the rulings of the trial court on the defendants' motions for directed verdicts in those cases should not apply here. Accordingly, we hold here, as we did there, that the trial court committed no error in overruling the defendant Railroad Company's motion for a directed verdict and submitting the case to the jury to determine whether or not negligence on the part of said defendant was the proximate cause of the accident.

■ In argument under "PROPOSITION X" of its brief for reversal of the judgment appealed from, defendant's counsel includes complaints concerning a variety of alleged errors occurring at the trial. They first charge that the court erred in admitting into the evidence, over their objection, the old wooden cross-buck warning sign which was standing at the railroad crossing at the time of the collision. Defendant says that the appearance of this sign in the courtroom was sufficient basis for the jury to conclude that it had replaced this sign with a more adequate one, thereby conceding its inadequacy to warn travelers of the crossing's presence there. We dealt with a similar argument in Hayes Case No. 1 and concluded our treatment of it as follows:

> "Therefore, as, in our opinion a material issue in the case was not Jimmy Geren's ignorance as to the location of the crossing, but was, instead, whether, or not, he should have foreseen that a train would be approaching it at such a point, and in such a manner, as to render it dangerous for his auto to be driven to the crossing in the way in which he was driving it, we find the likelihood of prejudice, in the complained of proceedings, insufficient to warrant reversal of the judgment."

As Jimmy Geren's knowledge of the railroad crossing's presence was no more a crucial issue in this case than it was in the above quoted case, the rule defendant cites in support of its argument, that the sign's admission into evidence was prejudicial error, is no more effective here than it was there; and we adopt what we said in that case as our answer to defendant's contention in this case.

■ Also under its PROPOSITION X, defendant next argues that the trial court erred in allowing, over its counsel's objection, plaintiffs' counsel to elicit from their witness, Glenn Hollabaugh, a former principal of an elementary school at the intersection of 81st Street and Lynn Lane Road, that (at some time) previous to the date of the collision, he had written the defendant "concerning the condition" of the subject railroad crossing. At the close of this witness' testimony, defense counsel moved that this part of it be stricken from the record. This motion was overruled, as was defendant's objection to plaintiffs' counsel's mention of Hollabaugh's letter in his closing argument. Counsel says the witness' statement that he had written such a letter was inadmissible, since notice to the defendant of the crossing's condition "was not an essential element of the lawsuit." Though the court did not permit plaintiffs to introduce Hollabaugh's said letter into the evidence, defense counsel says the jury could imagine what it contained. Because the most damaging part of this witness' testimony depicted the crossing as a hazardous one, defense counsel's assumption, concerning the jury's ability to imagine that the excluded letter related to that subject, may be correct; but, as plaintiffs' brief points out, (in arguing that the testimony complained of was not prejudicial) there was an abundance of other testimony concerning the dangerousness of the crossing. In view of the fact that any inference, detrimental to the defendant, that the jury might have drawn from Hollabaugh's testimony that he had written defendant concerning the crossing, could only have been cumulative in its effect, we apply the same "harmless error" rule with reference to its admission that we apply to the admission of cumulative evidence (see Denco Bus Co. v. Keller, 202 Okl. 263, 212 P.2d 469) and hold that, in view of the absence of any showing that the verdict would have been different had that testimony not been admitted, its admission is not cause for reversal.

■ Defense counsel next complain of certain instances in which the trial judge interrupted the examination of two of plaintiffs' witnesses, Mrs. Blair and Mr. Mezger, to interrogate them himself; of

one instance in which he remarked: " * * it is hard for her to answer", just before overruling an objection said counsel made to the competency of decedent's mother's answer to plaintiffs' counsel's request for an example of the dead boy's attitude of generosity toward his said parents; of another instance in which the court, over defense counsel's objection, allowed plaintiffs' counsel, in an attempt to impeach defendant's witness, Mezger, to cause said witness to read from a deposition taken at a former trial; and of another instance in which the judge allowed plaintiffs' witness, Broken Arrow's Police Chief Rampey, over defense counsel's objection, to describe the above mentioned cross-arm sign (in answer to a question by plaintiffs' counsel) as "very poorly painted". Defense counsel cites no authority to support a conclusion that the trial judge committed any error of law in the rulings and expressions referred to, but they express the opinion that, through them, he indicated to the jury how he thought the case should be decided; and that this was sufficient to bring about the jury's verdict for plaintiffs. We do not concur in counsel's view of the effect of the judge's conduct referred to. We have thoroughly examined the record and find it free of fundamental error. We have often held that, under the harmless error rule, a judgment on a verdict within the issues and supported by competent evidence will not ordinarily be reversed for errors in practice and procedure where there is no evidence that they have affected the substantial rights of the appellant. See Payne v. McRay Brothers, Okl., 446 P.2d 49; McMillan v. Lane Wood & Company, Okl., 361 P.2d 487 (4th syll.), and numerous other cases digested in 2A Okl.Dig., "Appeal & Error", under (1). There is no such evidence here.

 Also under its PROPOSITION IX, defendant contends that, before submitting the case to the jury, the trial court should have given it defendants' requested Instruction No. 19, in which was incorporated the rule that the presence of the train on the railroad crossing is sufficient notice to travelers on the highway that the highway is blocked, to make it their duty to stop before reaching the crossing. What we have said above in upholding the trial court's ruling on the motion for a directed verdict demonstrates that said court committed no reversible error in refusing to give the jury defendants' requested Instruction No. 19.

Under their PROPOSITIONS "V" and "VIII", the defendant complains of the trial court's refusal to give its requested Instructions No. "4", "5", and "16". All three of these requested instructions either contained quotations from Tit. 47 O.S.1961, § 11–701, or are admittedly based thereon. Under the quoted statutory provisions referred to, the driver of a vehicle approaching a railroad grade crossing must stop the vehicle within 50 feet, but not less than 15 feet, from the railroad's nearest rail, and should not proceed until he can do so safely, when a train approaching within approximately 1,500 feet of the crossing emits a signal audible from such distance, and the train, by reason of its speed or nearness to the crossing, is an "immediate hazard", or if an approaching train is plainly visible and is in hazardous proximity to the crossing.

 We do not think the court erred in refusing to give the jury defendants' requested Instruction No. 16, which contained the statutory provisions above referred to. We think that, in view of the evidence tending to show that the approaching train could not be seen from the Chevrolet and that the train sounded no warning of its own approach, the requested instructions might have confused the jury to the prejudice of the plaintiffs; and this conclusion applies more particularly to requested Instruction No. 16, unless the court had also informed the jury that a train, neither seen nor heard, and whose presence is not known, or should have been known, is not an "immediate hazard", within the meaning of that term as used in said instruction.

As said in Hayes Case No. 1, supra (445 P.2d p. 253): "No contention is made that any present law requires motorists to stop at a track, like the subject one, before crossing it, *in the absence of any knowledge, or warning, that a train is approaching on it.*" (Emphasis added.) Instead of the requested instructions, the court, by its Instruction No. 17, told the jury, in substance, that the law requires those approaching a railroad crossing to exercise the care an ordinarily prudent person would use for his own safety in the same situation and circumstances and to avoid getting himself into a place of danger, and that, if they found Kenneth Harper failed to do this and to look and listen, or heed what he saw or heard, then his failure to do either would be negligence; and that, if they found that such negligence, if any, contributed to the accident, in any manner, it would be their duty to return a verdict for the defendants, even though the latter were found to have been negligent. While this instruction might have gone into more detail in describing the standard of care that those approaching a crossing in an automobile must use to avoid colliding with a train at the crossing, we think that, in a general way, it set forth the standard properly applicable to the present case. Under the circumstances, we find no cause for reversal in the trial court's refusal to give the jury defendants' requested Instructions No. "4", "5", and "16".

We think the above is also a sufficient answer to defendant's complaints, under its "PROPOSITION VI", concerning the trial court's refusal to give its requested Instructions No. "10", "11", and "12". Under the same proposition, defendant complains of said court's refusal to give its requested Instruction "No. 13". In its brief, defendant recognizes that in the court's Instruction No. 17, supra, the jury was told that "the decedent had the duty to look, listen and heed what he saw or heard"; but its counsel then states: "At no place in the instructions does the court advise the jury that a passenger has a duty to take care and look out for himself, to remonstrate against a driver's operation, or warn the driver of approaching danger." The record does not support this statement. It does contain the court's Instruction "No. 18", whose most pertinent part reads as follows:

"You are further instructed that a guest passenger in an automobile is obliged to use ordinary care and caution in preserving his own safety and to this end, as such passenger in an automobile is obliged to keep a reasonable lookout for approaching danger and to warn the driver of an automobile in which he is riding with reference to approaching dangers, and if it appears to a passenger, or by the exercise of ordinary care, should appear that the driver of the automobile is operating the vehicle in a negligent manner, it is the duty of the passenger to warn the driver of such vehicle and to remonstrate with the driver in regard to such method of operation, and it would be negligence on the part of such passenger to fail to do so."

In view of the court's giving of the above quoted instruction, we find no merit in defendant's argument to the effect that if the members of the jury found that the decedent should have seen and heard the train in time for the collision to have been avoided, they would not have known what action he should have taken, on the basis of that knowledge. As indicated, we hold that the trial court's refusal to give defendants' requested Instructions No. "10", "11", "12", and "13", constitutes no cause for reversal.

Under its "PROPOSITION III", defendant argues that the court erred in giving its Instructions numbered "14" and "15". It is first contended that these instructions follow the plaintiffs' evidence so closely in setting forth the facts, it tended to prove which (if found to be true) would subject the defendant to liability, and so briefly treated the circumstances under which the defendant might be ex-

onerated from liability (in what defense counsel characterizes as a "grandfather clause") that said instructions placed discriminatory emphasis on plaintiffs' evidence and amounted to an expression of opinion by the judge as to the weight to be given disputed evidence. Defense counsel also argue that the court committed prejudicial error in speaking, in his Instruction No. 14, of "the train" as having "struck the automobile", instead of vice versa, as the evidence plainly revealed. The instructions referred to are quite lengthy and comprehensive. Without further lengthening this opinion by quoting them, our short answer to defendant's contention is that we do not perceive in them the prejudice ascribed to them. It is well settled in this jurisdiction that a judgment will not be disturbed because of allegedly erroneous instructions, unless it appears reasonably certain that the jury was misled thereby, resulting in prejudice to the complaining party. See Commonwealth Life Insurance Co. v. Gay, Okl., 365 P.2d 149. As said in that case (at pgs. 153 and 154):

"The salient test of reversible error in instructions is whether the jury was misled to the extent of rendering a different verdict than it would have rendered, if the alleged errors had not occurred. Missouri-Kansas-Texas Railroad Company v. Jones, Okl., 354 P.2d 415."

As to defendant's complaint about the court's Instruction No. 14, referring to the train as having struck the auto (instead of vice versa, or as the two colliding *with each other*), our view is very similar to the one we expressed in Hatcher v. Morris, Okl., 441 P.2d 462, concerning the trial court's Instruction No. 6 defining "contributory negligence"; and we do not think that the court's Instruction No. 14 in this case was any more misleading than the instruction there dealt with. There we said:

"We have had previous occasions to refer to the jury's perceptive powers (citing cases). Whether the verdict is sufficiently supported by the evidence is usually the best criterion of whether the complaining party has suffered prejudice from the court's instructions; * * * *".

And in St. Louis-San Francisco Railway Company v. King, Okl., 368 P.2d 835, 846, we said:

"Since defendant does not * * * demonstrate that the verdict and judgment were larger than warranted by the evidence (assuming defendant was liable in any amount) the showing of prejudice necessary to obtain reversal, on account of anything but fundamental error in instructions, is absent."

Under its PROPOSITION VII, defendant argues that the trial court erred in refusing to give defendants' requested Instruction No. 8, which would have informed the jury that if they found plaintiffs' decedent guilty of contributory negligence, then their verdict must be for the defendants, even though they later were found guilty of the negligence alleged in plaintiffs' petition. Defendant points to the court's Instruction No. 6, in which the term "contributory negligence" was defined, but therein the jury was not told that their finding of contributory negligence on the part of the deceased boy would bar plaintiffs from recovery, even though defendants were found to have been negligent. What defendant says of the court's Instruction No. 6 is correct, but, as appears from the court's hereinbefore quoted Instruction No. 17, the jury was there told that if they found that negligence on the part of Kenneth Harper contributed to the accident, it would be their duty to return a verdict in favor of the defendants, even though they found that defendants were guilty of negligence. Since the court included in that instruction substantially the same direction which defendants' Instruction No. 8 contained, the court committed no error in not giving that requested instruction. As said in

Slater v. Mefford, 188 Okl. 525, 111 P.2d 159, 165:

" * * *

"According to the fundamental rules governing the review of such alleged errors, the instructions must be considered as a whole; no particular paragraph thereof need contain all of the law of the case and the omission of a necessary legal principle from one paragraph of the instructions is not usually considered error if the same is supplied by or contained in another paragraph or instruction given."

▉▉▉▉▉ In, and under, its PROPOSITION II, defendant contends that the trial court erred in refusing to give its requested Instruction No. 22, which would have told the jury, in substance, if they found the issues in favor of the plaintiffs and plaintiffs had suffered damages from Kenneth's death, that, in fixing the amount of such damages, they should deduct from the sum of money they found Kenneth would have earned by the time he reached the age of 21 years, the reasonable cost of his upkeep to that age, including the cost of his food, clothing, medical expenses, schooling, etc.; that the pecuniary loss to plaintiffs on account of their said son's death would be the value of his services or earnings until he reached majority, less such expenses, and that in arriving at plaintiffs' damages, under Oklahoma law, they could not include any damages to them from their being deprived of their said son's comfort, society, and protection. Defense counsel recognize that, in its Instruction No. 22, the court informed the jury that plaintiffs' damages were limited to the pecuniary loss they suffered from their son's death; and their argument that the court erred in not specifically instructing that plaintiffs' expenses on account of Kenneth's upkeep must be deducted from his earnings during his minority, and that no amount for the loss of his comfort, society, and protection should be included in arriving at the amount of

plaintiffs' pecuniary loss is admittedly based "solely on the possibility" that the jury may not have been governed by proper criteria concerning such matters, in determining the amount of damages awarded plaintiffs. No claim of any fundamental error in the court's Instruction No. 22 is made; and we find no such error therein. Therefore, in the absence of any allegation, assertion, or claim that the amount of damages awarded plaintiffs, by the verdict, is excessive, we find no cause for reversal in defendant's contention that the jury should have been instructed more specifically to assist them in applying the definition of "pecuniary loss" set forth in the court's Instruction No. 22. (For the latest expressions of this Court on this, and related matters, notice Rogers v. Worthan, Okl., 465 P.2d 431.) As said in Missouri-Kansas-Texas Railroad Company v. Jones, supra (354 P.2d p. 422):

"Assuming that the jury was justified in finding for plaintiff (and defendant makes no claim it was not) if (as we have found) the evidence was sufficient for submission to it, how does it appear that the jury was misled or confused, or that defendant was prejudiced—in the absence of excessiveness, or claim of excessiveness, in the verdict? In the absence of any claim of excessiveness in the amount of the verdict, we consider it conceded that its amount was amply supported by the undisputed evidence of plaintiff's damages. Accordingly, we are not called upon to weigh it, or to attempt to thereby discover some showing that the verdict would have been different had the alleged errors in instructions not have occurred. As to such alleged errors, like alleged errors in the admission of evidence (Harris v. Conway [Okl.], 343 P.2d 1069, 1076) such probability of a different verdict has been recognized by this court as a salient test of reversible error, where the verdict and judgment are within the issues and supported by competent evidence, and there has been no 'serious misdirection'

of the jury with the instructions as a whole fairly submitting to it the decisive issues of the case."

We have thoroughly examined all of the instructions given by the trial court to the jury and have found no "serious misdirection" therein, and have determined that, as a whole, they fairly submitted to the jury the decisive issues in the case. Accordingly, as we have determined that the verdict and judgment, involved here, are within the issues and are supported by competent evidence, the alleged error defendant complains of under its PROPOSITION II does not, under the above described test, constitute cause for reversal.

Under its PROPOSITION IV, defendant charges that the trial court committed error in giving his Instruction No. 21, which reads as follows:

"You are instructed, as I pointed out in my statement of the case, that there are two defendants in this case, the railroad company and Whitlock the engineer. The plaintiffs predicate their case upon certain claimed specifications of negligence, some on the part of the railroad only and some on the part of the engineer. The railroad is responsible for its own acts and omissions and is likewise responsible for any negligence of its engineer in the operation of the train. The engineer, however, is only responsible for his individual acts of negligence. Therefore, you will consider the case insofar as it affects the engineer, Whitlock, separately. If you find that he was operating the train at an improper speed under the circumstances or that he failed to give the warnings required by whistle or by bell, then your verdict should be against both defendants. If, however, you find that the collision occurred by reason of the negligence of the railroad in failing to properly warn travelers at the crossing or their failure to properly maintain this crossing, then your verdict should be against the railroad only."

Defendant recognizes that, in his Instruction No. 5, the court told the jury, among other things, that:

"* * *

"Before one found guilty of negligence may be held to respond in damages therefor, it must be shown by a preponderance of the evidence that said negligence was the proximate cause of the injury and damage, if any, sustained.

"The 'proximate cause of an injury,' as that expression is used in these instructions, means that cause which in natural and probable sequence of events, and without the intervention of a new and independent cause, produces the injury, and without which the result would not have happened.

"For an act of negligence to be deemed the 'proximate cause' of an injury, the injury sustained as a result of the act must be shown to have been such as could have been reasonably foreseen by a prudent person in the exercise of due care, although it might not have been specifically contemplated or anticipated."

Defendant points out that the court's above quoted Instruction No. 21 "comes much later" than Instruction No. 5 in the body of instructions as a whole, and its counsel argue, in substance, that said later instruction had the effect of countermanding what the court had told the jury in his above quoted 5th Instruction about "proximate cause", and that it amounted to an instruction "on the weight of the evidence." Under the rules of appellate review we have hereinbefore quoted from Slater v. Mefford, supra, and in view of the absence of any showing of prejudice in the alleged error defendant here complains of, we find no cause for reversal therein.

■ Lastly, defendant points out that the jury's verdict contains no mention of its co-defendant, Whitlock, but, despite this, the trial court, in its judgment, "discharged" him "with his costs herein ex-

pended, * * * ". Defendant's counsel say there is no way of knowing why Whitlock's name was not included in the verdict, that this may have been their fault, and that: "The only thing we are showing is that this is just another instance of error at the trial of this case which along with other reasons stated herein is ground for reversal." In the absence of any claim, or showing, that the verdict's failure to include the defendant Whitlock's name in any manner affects, or diminishes, the defendant Railroad Company's liability, or exonerates it therefrom, there is no showing of prejudice to the latter defendant. Consequently, we find no cause for reversal in defendant's argument.

In accord with the foregoing, the judgment appealed from is hereby affirmed.

All the Justices concur.