Michael S. FOYE, Appellee,

v.

**EASTOVER BANK FOR SAVINGS, Appellant.**

**No. 73344.**

Court of Appeals of Oklahoma, Division No. 1.

March 12, 1991.

Rehearing Denied April 8, 1991.

Certiorari Denied May 29, 1991.

James T. Stuart, James P. Woodruff, Diamond, Adcock, Stuart & Timmons, Oklahoma City, for appellant.

George Van Wagner, Shawnee, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Eastover Bank for Savings (Appellant or Bank) seeks review of the Trial Court's orders denying Bank's motions for summary judgment and vacation of default judgment, and judgment entered on jury verdict for Appellee Michael S. Foye (Appellee or Foye) in Foye's action for alleged tortious breach of a real estate sales contract. Herein, Bank asserts error of the Trial Court (1) in failing to vacate default judgment against Bank for insufficiency of service of process, (2) in denying Bank's motion for summary judgment on the issue of tortious breach of contract, and (3) in three separate propositions, in submission of the issue of tortious breach of contract to the jury.

Foye and Bank entered into a contract for sale of certain real estate obtained by Bank in foreclosure. Thereafter, a title problem arose. Although Bank presented evidence tending to show that Foye was notified of the title problems in mid-January, 1988, Foye asserted that the title problems were not revealed until April, 1988. At any rate, Foye took possession of the property under an occupancy agreement pending resolution of the title problems, and thereafter invested about $5,000 in improvement of the property.

On advice of counsel, Bank initiated a second foreclosure action covering the property, apparently due to a defect in service of process on the previous owner, after efforts to obtain a quit-claim deed from the previous owner failed. Bank obtained judgment and had the property appraised. Appraisal indicated a value of approximately $71,000. At subsequent sheriff's sale, and at the apparent direction of

Bank, Bank's representative bid $42,000. A third party, however, bid $43,000 and purchased the property.

Because of this turn of events, Bank could not consumate the contract for sale with Foye. Foye then instituted the present action, claiming tortious breach of the real estate contract, fraud, misrepresentation, and seeking actual and punitive damages. Foye attempted service of summons on Bank by certified mail, and the return of service indicated that the summons was mailed by Foye's attorney's secretary, and received by a bank employee. Bank failed to timely respond, and the Trial Court granted default judgment to Foye for actual and punitive damages, as well as attorney's fees.

Bank subsequently moved to vacate the default judgment, asserting defective service of process, unavoidable casualty and misfortune preventing timely response, and claiming additional defenses. The Trial Court vacated the default as to the award of attorney's fees and amount of damages, but refused to vacate as to the issue of liability on Foye's petition.

Bank then moved for summary judgment on the Foye's tort claims, asserting in essence (1) that the parties' real estate purchase contract and occupancy agreement specifically provided for Foye's remedies, and (2) that no cause of action for bad faith breach of a real estate purchase contract would lie. Foye responded, asserting that by entry of default judgment, Bank was deemed to have admitted Foye's allegations of tortious breach of the real estate purchase contract and fraud/misrepresentation, and that therefore the only issue left to be determined was the disputed amount of his actual and punitive damages, precluding summary judgment. The Trial Court agreed with Foye and denied Bank's motion for summary judgment.

The issue of damages was presented to the jury. Foye adduced evidence tending to show that Bank did not bid higher than $42,000 at sheriff's sale because a higher bid would reduce the amount of Veteran's Administration (VA) guarantee ($25,000) received by Bank. Bank offered evidence to the effect that Bank had attempted to resolve the title deficiency by other means previous to the second foreclosure action, that Bank had allowed Foye free occupancy of the premises pending attempts to resolve the title deficiency, that Bank's representatives present at sheriff's sale were inexperienced and unprepared to counter the higher third-party bid, that Bank compensated Foye for the improvements made during his occupancy, and that Bank offered Foye other property after sheriff's sale to the third-party.

The Trial Court specifically found Foye's evidence sufficient to warrant waiver of the punitive damage limit imposed by 23 O.S. § 9, and over some objection by Bank, instructed the jury that Bank's liability for tortious breach of contract and fraud had been previously determined. The jury returned a verdict for Foye and against Bank for about $19,000 in actual damages and $98,000 in punitive damages. Bank appeals as aforesaid.

■■■■ As to Bank's first proposition, we find no abuse of discretion by the Trial Court in refusing to vacate default judgment based on insufficiency of service of process. Hereunder, Bank argues to this Court, as it did below, that the summons indicated mailing by Foye's counsel's secretary in violation of 12 O.S.Supp.1987 § 2004(C)(2)(a). While we agree that § 2004 dictates that service of summons/petition by mail be made, *inter alia*, "by the plaintiff's attorney," we do no ascribe the restrictive meaning to § 2004 asserted by Bank that plaintiff's attorney is the only person who is authorized to accomplish service by mail under § 2004(C)(2)(a). The Trial Court determined that "the attorney is not personally required to mail certified mail for service to be validly obtained," and ruled that such service accomplished by an attorney's clerical staff, at the attorney's direction, is sufficient. We go no farther than to agree with the Trial Court's conclusion, and further find such service by mail and receipt thereof by and employee of Bank normally charged with such receipt to be in substantial compliance with § 2004 so as to obtain jurisdiction and

commence response times under the Oklahoma Pleading Code. We therefore reject Bank's first allegation of error.

■ We treat Bank's remaining allegations of error as a unit, for we believe the Trial Court erred in submission of the issue of damages for the alleged tortious breach of contract to the jury, both in law and fact, for a number of reasons. First, we view Foye's action as a breach of contract action, pure and simple, and the evidence adduced does not, in our opinion, demonstrate any "independent basis to support [a finding of] a tortious wrongdoing." See, *Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1227 (Okl.1988). We consequently find Foye's proof insufficient to warrant (1) submission of the issue of punitive damages to the jury, and/or (2) an award of punitive damages in excess of actual damages. 23 O.S. § 9. Additionally, and/or alternatively, we find the Trial Court's instructions to the jury erroneous as a matter of law as, in essence, directing a verdict for punitive damages, clearly constituting an invasion of the province of the jury, and having a prejudicial outcome determinative effect. See, e.g., *Nail v. Okla. Children's Memorial Hospital*, 710 P.2d 755, 759 (Okl. 1985); *Kimery v. Public Svc. Co. of Okla.*, 622 P.2d 1066, 1072 (Okl.1981); *Missouri–Kansas–Texas R. Co. v. Harper*, Okl., 468 P.2d 1014 (1970). We therefore reverse the judgment entered on jury verdict for punitive damages.

The judgment entered on jury verdict for actual damages arising from breach of the real estate purchase contract is therefore AFFIRMED. The judgment entered on jury verdict for punitive damages is REVERSED.

ADAMS, P.J., and MacGUIGAN, J., concur.